UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENISE ANN FLORA,

          Petitioner,

v.

JEREMY HOWARD,

          Respondent.

_____/

Case No. 1:23-cv-346

Honorable Paul L. Maloney

**<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.      **Factual Allegations**

Petitioner Denise Ann Flora is incarcerated with the Michigan Department of Corrections

at the Women's Huron Valley Correctional Facility (WHV) in Ypsilanti, Washtenaw County,

Michigan. In March 2018, Petitioner pleaded guilty in the Cass County Circuit Court to nine drug-

related charges. *People v. Flora*, No. 355305, 2021 WL 5218395, at *1 (Mich. Ct. App. Nov. 9,

2021); (Pet., ECF No. 1, PageID.1.) The trial court originally sentenced Petitioner to 30 months'

probation, with a condition being that Petitioner "not use or possess any controlled substances or

drug paraphernalia." *Id.* The Court of Appeals described the subsequent events as follows:

> Nineteen months later, in October 2019, defendant's probation officer alleged that
> defendant had violated her probation by using methamphetamine. In response to
> the allegation, defendant waived her right to counsel, and the trial court then found
> defendant guilty of that probation violation.
>
> In February 2020, defendant's probation officer again alleged that defendant
> violated her probation by using methamphetamine. The trial court held a hearing,
> which it styled a "probation-violation plea."

*Flora*, 2021 WL 5218395, at *1.

> At the plea hearing for defendant's probation violation, the trial court meticulously
> walked through the maximum penalties of the most serious charges and the punitive
> implications for defendant if she were found guilty. The trial court stated that
> defendant had the right to an attorney and to a probation violation hearing, before
> asking defendant if she wished to proceed without an attorney. Defendant stated
> plainly that she understood the consequences and did not wish to be represented by
> counsel. Specifically, the exchange was as follows:
>
> > *The Court*: In this matter—in these matters, you do have the right to be
> > represented by an attorney and you do have the right in these matters to
> > have a probation violation hearing. So let me ask you, do you wish to be
> > represented by an attorney in these matters?
> >
> > *The Defendant*: No.
> >
> > *The Court*: No; did you intend to plead guilty to these charges?
> >
> > *The Defendant*: Yes.

Defendant then proceeded to plead guilty to the probation violation.

*Id.* at *3. "[M]oments after [Petitioner] pleaded guilty," Petitioner requested, and was assigned,

counsel for her sentencing hearing, who was appointed at government expense. *Id.*

> She requested, by name, the same attorney who had represented her during her
> previous drug-offense proceedings:
>
>> *The Court*: Let me ask you, you do have a right at sentencing to have an
>> attorney, and even though you pled guilty today without an attorney, you
>> still would have a continuing right so you could have an attorney represent
>> you at sentencing.
>>
>> Do you want to be represented by an attorney at sentencing?
>>
>> *The Defendant*: I don't know.
>>
>> *The Court*: You don't know?
>>
>> *The Defendant*: I mean, I—
>>
>> *The Court*: Pardon?
>>
>> *The Defendant*: —that would be fine.
>>
>> *The Court*: Okay; why don't we go ahead—who represented you before?
>>
>> *The Defendant*: Drake.
>>
>> *The Court*: Rob Drake; why don't we—were you comfortable with Mr.
>> Drake?
>>
>> *The Defendant*: Yeah.
>>
>> *The Court*: Okay; why don't we go ahead and appoint Attorney Drake? ...

*Id.*

At the conclusion of the sentencing hearing for Petitioner's second probation violation, the

trial court sentenced Petitioner as a fourth-offense habitual offender to concurrent terms of 76

months to 30 years' incarceration for methamphetamine possession with intent to deliver, Mich.

Comp. Laws § 333.7401(2)(b)(*i*); 19 months to 30 years' incarceration for methamphetamine

possession, Mich. Comp. Laws § 333.7403(2)(b)(*i*); 24 months to 30 years' incarceration for

3

marijuana possession with intent to deliver, MCL 333.7401(2)(d)(*iii*); 24 months to 30 years'

incarceration for each of two counts of delivery of a controlled substance, Mich. Comp. Laws

§ 333.7401(2)(c); 59 days' incarceration for each of two counts of possession of a controlled

substance, Mich. Comp. Laws § 333.7403(2)(b)(*ii*); and 59 days' incarceration for subsequent-

offense possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d); Mich. Comp. Laws

§ 333.7413. *Flora*, 2021 WL 5218395, at *1; (Pet., ECF No. 1-3, PageID.66–67.)

In August 2020, Petitioner moved to withdraw her guilty plea and for resentencing. *Flora*,

2021 WL 5218395, at *2. She argued that the trial court did not inform Petitioner that an attorney

would be provided to her at government expense and that her original sentence of 76 months to 30

years' incarceration was disproportionate because the trial court did not depart downward from the

sentencing guidelines. *Id.*

> At the hearing on that motion, the trial court in effect stated that, even if it did not
> expressly inform defendant that she was entitled to counsel at public expense, it
> was confident that defendant understood the scope of her rights. The trial court
> observed that it had duly informed defendant that she had the right to an attorney
> and that she was familiar with criminal proceedings, including plea entry.

The trial court denied Petitioner's motions. *Id.* at *2.

Dissatisfied with the result, Petitioner filed an application for leave to appeal to the

Michigan Court of Appeals, which was granted on December 22, 2020. *Id.* at *1, n. 1. On direct

appeal, Petitioner argued that the trial court failed to advise Petitioner that she was entitled to a

court-appointed attorney, preventing Petitioner from making a knowing and intelligent waiver of

her right to counsel, and that her sentence was disproportionate. *Id.* at *3, 4. In an opinion entered

November 9, 2021, the court of appeals affirmed the decision of the trial court. *Id.* Petitioner sought

leave to appeal to the Michigan Supreme Court, which was denied on April 5, 2022. *People v.*

*Flora*, 971 N.W.2d 634 (Mich. 2022).

On April 4, 2023, Petitioner filed her habeas corpus petition. (Pet., ECF No. 1.) The petition

raises a single ground for relief, as follows:

> I.      Whether the Defendant-Appellant is entitled to the withdrawal of her plea
> to the probation violation allegation where she was not advised of her right
> to a court-appointed counsel before she entered a guilty plea to the
> allegation, or in the alternative, the record is devoid of any indication that
> she made a knowing and intelligent waiver of her right to counsel before
> entering her guilty plea.

(Pet., ECF No. 1, PageID.5)

## II.      AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions

are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002).

An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a

state conviction cannot be granted with respect to any claim that was adjudicated on the merits in

state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based upon an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding." 28

U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit

precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of

the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal

quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard

is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation

marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.

28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not

consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III.    Discussion

Petitioner contends that her February 2020 guilty plea was invalid, not because she was unaware of her right to a court-appointed counsel generally, but because the trial court specifically failed to advise Petitioner "that she was entitled to a court-appointed attorney if she could not afford an attorney of her own before she pled guilty to the probation violation." (Pet., ECF No. 1-8, PageID.113.) Petitioner contends that, because of this failure, there is no indication in the trial

court record that Petitioner "made a knowing and intelligent waiver of her right to counsel before tendering her pleas." *Id.*, PageID.114. Petitioner's claim is misdirected and utterly disregards the deference to the state court's determinations that the AEDPA requires.

A valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.

The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645

8

n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267–68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969).

In examining Petitioner's argument on appeal, the Michigan Court of Appeals concluded that there was no error in the trial court's conclusion that Petitioner "understood the scope of her rights" and, therefore, no violation of due process. *Flora*, 2021 WL 5218395, at *3. The court of appeals observed that, while the trial court may not have expressly informed Petitioner that she was entitled to counsel at government expense, "[g]iven defendant's history with the criminal justice system, it is logical to conclude that she understood the 'right to be represented by an attorney' as encompassing the right to be represented by an attorney appointed by the court "at public expense." See MCR 6.445(B)(2)(b)." *Id.* at *3. The court noted that Petitioner had an extensive criminal history, which included a history of pleading guilty. *Id.* The court of appeals also emphasized that, moments after pleading guilty, Petitioner requested and was assigned court-appointed counsel for sentencing—the same court-appointed counsel that had represented Petitioner at government expense in prior drug-offense proceedings. It explained:

> As shown, that attorney was court-appointed, so there is no doubt that defendant was aware that the right to an attorney encompassed a right to an attorney at public expense. Nor is there any doubt that the trial court understood that she was aware of her rights in this regard.
>
> Consequently, we find no violation of MCR 6.445 or due process. Although the trial court did not expressly state that defendant's right to counsel included the right to an attorney at public expense, that fact was implicitly communicated to defendant by the trial court when it informed her about her "right to be represented by an

9

attorney." Moreover, given that defendant subsequently invoked her right to be represented by an attorney at public expense at sentencing, it is apparent that she fully understood the nature of her right to an attorney when she was arraigned and pleaded guilty. Accordingly, we conclude that the trial court did not abuse its discretion by denying her motion to withdraw her plea.

*Id.* "The facts as recited by the Michigan Court of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1)." *Shimel v. Warren,* 838 F.3d 685, 688 (6th Cir. 2016) (footnote omitted). Petitioner can only overcome that presumption with "clear and convincing evidence to the contrary." *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010). Petitioner has presented neither argument nor evidence, clear and convincing or otherwise, that the foregoing facts were incorrect. Accordingly, this Court is bound to accept them as true.

Petitioner's request to this Court for habeas relief represents a fundamental misunderstanding of the requirements of due process. As the Michigan Court of Appeals correctly recognized, the question for purpose of due process is not whether Petitioner was *informed* by the trial court of her right to a court-appointed attorney at the precise moment of her plea, but whether she *knew* of this right such that her waiver may be deemed to have been knowing and voluntary. After all, "[a] defendant may waive any right, including a constitutional right . . . so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008).

Petitioner's attempt to show that the trial judge did not inform her that counsel would be paid for by the state is an oblique attempt to demonstrate that she did not know counsel would be paid for by the state. Petitioner never actually states that she did not know the key fact. Petitioner's presentation, therefore, is certainly a far cry from "clear and convincing evidence" that she did not know about her right to counsel.

The court of appeals found that Petitioner fully understood the nature of her right to an attorney. That finding was supported by Petitioner's extensive criminal history, prior representation by court-appointed counsel, and request for court-appointed counsel by name

10

immediately following her guilty plea. Although this Court is compelled to accept as correct the state court's determination regarding Petitioner's understanding in light of Petitioner's failure to demonstrate the contrary, the Court also finds that the state court's determination that Petitioner was fully aware of her constitutional right was not unreasonable on the record.

Because Petitioner has not shown that the court of appeals' factual determinations were unreasonable or that the court's conclusion was contrary to, or an unreasonable application of, clearly established federal law, Petitioner is not entitled to habeas relief.

## IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

11

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. For the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   July 5, 2023                               /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge